IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| COLETTE CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-907 (RDA/JFA) |
| ) | |
| MINDY WEINSTEIN, Director of EEOC ) | |
| Washington Field Office, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants Mindy Weinstein and Richard Kim's (collectively, "Defendants") Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. 11). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with Defendants' Memoranda in Support (Dkt. 12), Plaintiff Colette Cunningham's Opposition Brief (Dkt. 12), and Defendants' Reply Brief (Dkt. 20), this Court GRANTS the Motion for the reasons that follow.

I. BACKGROUND

A. Factual Background

Plaintiff Colette Cunningham was employed by the Loudoun County Sheriff's Office as a Deputy Sheriff with the rank of Lieutenant. Dkt. 1, ¶ 11. On March 18, 2021, Plaintiff filed a charge with the Equal Employment Opportunity Commission (the "EEOC"), alleging discrimination based on her sex. *Id*. ¶ 12. The charge was docketed as charge number 570-2020-02001. *Id*.

1

The original investigator was Yumi Cosbert. *Id*. ¶ 13. After a year of no action, the matter was reassigned to Richard Kim, an enforcement supervisor, to investigate Plaintiff's claims. *Id*. ¶ 13.

On June 16, 2022, Plaintiff amended and added a claim of retaliation to her charge. *Id*. ¶ 14. That claim was opened as a separate charge number. *Id*. Mr. Kim was also assigned to the retaliation claim. *Id*. ¶ 15. As of the filing of the petition, the retaliation claim remained pending. *Id*.

On November 17, 2022, counsel for Plaintiff sought a status update on the case and had a conversation with Mr. Kim. *Id*. ¶ 16. During that conversation, Mr. Kim indicated that he was recommending a cause finding for the first claim (of discrimination) and that he would reach out to the Sheriff to see if a resolution could be achieved by informal methods. *Id*. ¶ 17. Plaintiff has attached to her Petition a transcript of that telephone conversation. Dkt. 1-1.

In January 2023, Mr. Kim indicated that informal methods of resolution had proved to be futile. Dkt. 1 ¶ 18. Plaintiff has not been issued a Letter of Determination nor has the matter been referred to the Department of Justice for Litigation. *Id*. ¶ 19. At the time of filing her charge remained pending. *Id*.

On August 31, 2023, the EEOC issued Plaintiff a Notice of Your Right to Sue Letter. Dkt. 12-1 ("Right to Sue Letter"). In the Right to Sue Letter, the EEOC asserted: "The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute." *Id*.

B. Procedural Background

On July 12, 2023, Plaintiff filed her Petition for Mandamus. Dkt. 1. On September 25, 2023, Defendants filed the pending Motion. Dkt. 11. On November 1, 2023, Plaintiff filed her Opposition. Dkt. 16. On November 21, 2023, Defendants filed their Reply. Dkt. 20.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the Court lacks jurisdiction over the subject matter of the action. A district court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a Rule 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

There are two ways in which a defendant may prevail on a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). In such a case, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the

3

jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.3d 884, 891 (3d Cir. 1977).

## III. ANALYSIS

Defendants seek dismissal of the Petition on three grounds: (i) mootness; (ii) lack of standing; and (iii) failure to state a claim. Because Defendants' mootness and standing arguments go to this Court's jurisdiction, the Court will address them first.

### A.  Mootness

Defendants argue that the Petition is moot based on the EEOC's issuance of the Right to Sue Letter. Dkt. 12 at 6-7. As Defendants correctly note, the Constitution limits the federal courts' jurisdiction to cases and controversies. U.S. CONST. art. III, § 2; *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015). "When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *S.C. Coastal Conservation League*, 789 F.3d at 482. "A case can become moot due either to a change in the facts or a change in the law." *Id*.

Here, it is undisputed that the EEOC has now issued a Right to Sue Letter. Dkt. 12-1. Thus, Plaintiff now has a right to file her own lawsuit based on the allegations in her charge. 42 U.S.C. § 2000e-5(f)(1). Plaintiff premised her Petition on other provisions of § 2000e-5(f)(1), which apply where the EEOC makes a determination of reasonable cause. Dkt. 1. Those provisions do not apply here, where the EEOC has declined to make a determination of reasonable cause. The issuance of the Right to Sue Letter thus moots the Petition. *See, e.g.*, *Doe v. Perry*, 2022 WL 1837923, at *1-2 (E.D. Va. Jan. 31, 2022) (holding that petitioner's challenge to detention pursuant to 8 U.S.C. § 1226(a) became moot after agency's removal order became

4

administratively final, which changed detention authority to 8 U.S.C. § 1231); *Clavis v. Ashcroft*, 281 F. Supp. 2d 490, 493 (E.D.N.Y. 2003) (same).

Seeking to avoid this conclusion, Plaintiff argues that the EEOC had already reached a final determination of reasonable cause such that the Right to Sue Letter was improperly issued. Dkt. 16 at 10. Importantly, an EEOC determination of cause does not become final until a "letter of determination is issued." 29 C.F.R. § 1601.21(d). Here, Plaintiff concedes that no such letter ever issued. Dkt. 16 at 6-7 ("Ms. Cunningham's discrimination matter was not issued a Letter of Determination."). Moreover, as Defendants note, Mr. Kim would have no authority to make a finding of reasonable cause to bind the EEOC. *Id*. (designating Field Directors, Area Directors, or Local Directors as the persons with authority to make a determination of cause); 29 C.F.R. § 1601.5 (the Washington Field Office Director also has this authority). But, even if Mr. Kim had such authority, Mr. Kim was clear during the phone call with Plaintiff's counsel that he was *not* making a final determination on behalf of the EEOC. In the phone call, Mr. Kim hedged as to what his recommendation would be and, at best, represented what his preliminary view was based on his investigation. *See* Dkt. 1-1 at 1:19-22 ("I *think* I am recommending cause finding. I *think* I have enough information to issue – recommend the cause finding for the first claim." (emphasis added)); *id*. at 3:6-9 ("She may have – like a strong claim or weak claim, I don't know. I mean if she has a strong claim, this is my strategy, is then we'll probably issue a finding for both cases."); *id*. at 7:1-4 ("I mean anything here before cause finding is signed, it's all preliminary, but I am recommending it, because I think we have enough information for the case."). Thus, Plaintiff's argument is unpersuasive.

Plaintiff also tries to argue that a cause finding *must* have been made because Mr. Kim attempted to assist in informally resolving the charge. Dkt. 16 at 10-11. To begin with, Mr. Kim

explained to Plaintiff's counsel that the EEOC has a process for just such a thing: "We can kind of take some sort of action, what we call it's a predetermination . . . . Like interview with the Respondent counsel. I mean we do that typically about like 10 days before we issue a finding . . . ." Dkt. 1-1 at 5:19-6:4. Moreover, the regulations specifically permit this kind of informal, facilitated negotiation *prior* to the issuance of a cause determination. 29 C.F.R. § 1601.20 ("Prior to the issuance of a determination as to reasonable cause the Commission may encourage the parties to settle the charge on terms that are mutually agreeable."). Thus, this argument is also unpersuasive.[1]

Because the EEOC has now issued a Right to Sue Letter, the Court finds that this case is now moot and will grant the Motion on that basis.

### B. Standing

To establish standing, a party invoking federal jurisdiction must establish: (i) an injury in fact; (ii) that is fairly traceable to the defendant; and (iii) that is redressable by a favorable decision. *Lujan v. Def'rs of Wildlife*, 504 U.S. 555, 560 (1992). Here, Plaintiff lacks an injury in fact.

As discussed *supra*, Plaintiff concedes that the EEOC never issued a Letter of Determination such that there would be a final determination of reasonable cause. Dkt. 16 at 6-7; 29 C.F.R. 1601.21(d) ("Each determination issued under this section is final when the letter of determination is issued."). Because the EEOC never made a final determination of reasonable cause, Plaintiff was not entitled to a referral to the Department of Justice and the failure to grant that referral does not constitute an injury to her. It is only *after* the EEOC has determined that

---

[1] Plaintiff also makes an argument that an exception to mootness – capable of repetition but evading review – applies here. Dkt. 16 at 10, 12. But Plaintiff's conclusory argument with respect to that narrow exception fails to meet her burden to show that the "challenged action will recur again, and to the same complainant." *Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007). Thus, the Court finds this narrow exception to the mootness doctrine inapplicable.

6

there is reasonable cause and been unable to obtain a conciliation agreement, that the "Commission shall take no further action and shall refer the case to the Attorney General." 42 U.S.C. § 2000e-5(b), (f)(1).

Moreover, to constitute an injury in fact, the injury must be "legally and judicially cognizable," which requires that it be a dispute that is "traditionally thought to be capable of resolution through the judicial process." *United States v. Texas*, 599 U.S. 670, 676 (2023) (finding a lack of standing where Texas sought to have the courts "order[] the executive to change its arrest or prosecution policies"). In other words, the asserted injury must be one that is "traditionally redressable in federal court." *Id*. The parties point to no such history of redress here. The government, and the Court, have been unable to find any case directing the EEOC to make a cause determination and Plaintiff points to none. Dkt. 12 at 9; Dkt. 16; Dkt. 20 at 9. Moreover, the weight of authority suggests that such a result would be disfavored. Courts have generally held that "Title VII [of the Civil Rights Act of 1964] does not authorize individuals alleging discrimination by a third party to file suit against the EEOC," including for "dissatisfaction with that agency's process or its decision." *Volz v. EEOC*, 2016 WL 7422655, at *3 (E.D. Va. Dec. 22, 2016); *Bartell v. EEOC*, 2002 WL 31958717, at *1 (W.D.N.C. Mar. 29, 2002) ("[I]t is well established that Title VII. . . does not confer jurisdiction over claims against the EEOC in its capacity as the federal agency responsible for the administrative processing of employment discrimination charges."), *recon. denied*, 2002 WL 31958718 (W.D.N.C. Apr. 30, 2002), *aff'd*, 45 F. App'x 257 (4th Cir. 2002). Finding an injury here would permit Plaintiff to undermine that

principle. Accordingly, the Court will also grant the Motion based on Plaintiff's lack of an injury in fact.[2]

## IV. CONCLUSION

In sum, the Court lacks subject matter jurisdiction over this case because Plaintiff's claims are now moot and because Plaintiff lacks the injury in fact necessary to confer standing. Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Dismiss (Dkt. 11) is GRANTED; and it is

FURTHER ORDERED that the Complaint (Dkt. 1) is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to close this civil action and to place it among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
August 8, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[2] Because the Court finds that Plaintiff's claims are moot and that Plaintiff lacks standing, the Court need not address Defendants' third argument—namely that Plaintiff's claims fail as a matter of law.